McCORD, Judge,
dissenting.
I would reverse the trial court’s denial of rehabilitative alimony because I believe that this case embodies precisely the kind of factual circumstances for which rehabilitative alimony was designed.
The facts establish that when the marriage of the parties was dissolved in 1978 the husband and wife entered into a property settlement agreement which expressly provided that the wife could seek alimony subsequent to the entry of the final judgment and expressly acknowledged that the terms of the agreement were predicated on the financial condition of the parties at that time and that the parties had had a higher standard of living in prior years. At the time of the dissolution, the husband had an average net weekly income of $160.48 ($8344.96 annually); at the time of the hearing on the petition for modification, he had a weekly income of over $400.00 ($20,-800 annually). The wife’s income at the time of dissolution was approximately $5,400 annually. At the time of the hearing on the petition for modification, she had no certain income because she had returned to school to complete her education degree so that she could upgrade her employment from teacher’s aide to teacher; she did anticipate that she might receive $330.00 per quarter in student aid. Although the wife had petitioned for permanent alimony, she specified at the hearing that her claim was for $250.00 per week for two years and that she would claim no further alimony if that were granted.
*956 Under these circumstances, I believe the denial of rehabilitative alimony[1] was a clear abuse of discretion. It appears to me that the wife has succeeded in showing a substantial change of circumstances in both her husband’s and her incomes. Even if she had continued as a teacher’s aide, she would have made only approximately $6,000. The disparity by virtue of the substantial increase in the husband’s income and the lack of substantial change in hers indicates a relevant substantial change in circumstances concerning his ability to pay.
Furthermore, the finding of the trial court that the husband does not have the ability to contribute a periodic sum to the wife without converting and deleting resources obtained in the property settlement is not supported by this record, unless one accepts the husband’s contention that he can dissipate his income by voluntarily taking on expenses for unnecessary items and thereby defeat the wife’s claim for alimony.

. The trial court ordered the husband to accelerate his mortgage payment on the marital home which was transferred to the wife in the property settlement so as to satisfy the mortgage in full within 15 days, characterizing this order as a grant of rehabilitative alimony. Since this order does not result in any monies being paid to the wife, I do not construe it as being a grant of alimony. I recognize that it does serve to make the asset available for encumbrance by the wife in order to pay for her education, but it does not seem reasonable to set up a situation which requires her to encumber the major asset she received in the settlement in order that the husband should not have to encumber any of his assets or use any part of his greatly increased income in order to assist her with her endeavor to rehabilitate herself.